# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES FOMBY, Jr.,** | ) |
| | ) |
|        **Petitioner,** | ) |
| | ) |
| vs. | )    Case No.  CIV-11-1466-D |
| | ) |
| **JUSTIN JONES,** | ) |
| | ) |
|        **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court convictions. United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and as it is untimely, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his convictions after a jury trial of two counts of burglary in the second degree, one count of possession of a controlled substance, and one count of knowingly concealing stolen property for which Petitioner was sentenced to sixty years imprisonment each on the two burglary counts, two years imprisonment on the possession count, and ten years imprisonment on the concealing stolen property count, with all sentences to be served consecutively. Case No. CF-2004-595, District Court of

Comanche County, Docket; Petition, 2-3[1]; Summary Opinion, F-2005-855 (Okla. Crim. App. Aug. 14, 2006) (attached to petition).  On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the convictions but modified Petitioner's sentences on the burglary convictions to thirty years imprisonment on each count to be served concurrently.  Case No. F-2005-855, Oklahoma Court of Criminal Appeals, Docket; Summary Opinion, No. F-2005-855 (Okla. Crim. App. Aug. 14, 2006) (attached to petition); Petition, 3.  Petitioner did not seek further review before the United States Supreme Court nor did he file an application for post-conviction relief.  Petition, 4.  However, on November 15, 2006, Petitioner filed a petition for nonc pro tunc to correct his sentences as modified by the Oklahoma Court of Criminal Appeals, and on December 4, 2006, the state district court granted that petition.  Case No. CF-2004-595, District Court of Comanche County, Docket; Petition, 4.  Petitioner sought no further relief in state or federal court until he filed the petition for federal habeas relief in this Court on December 12, 2011.  Petition, 2.

Petitioner raises nine grounds for relief.[2]  First, he alleges that the trial court erred when it referenced the sentence imposed on Petitioner's prior convictions and admitted Petitioner's "pen pack" into evidence.  Petition, 3a.  Second, he claims that the prosecutor made inappropriate statements to the jury during the first stage of closing arguments.

---

[1] The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition.  Page 2 is actually the first page of the petition.

[2] Petitioner actually only lists the first four grounds as grounds for relief in his petition, Petition 6, 8, 9, 11, but he has attached his direct appeal brief and has referenced to that brief in his petition.  Thus, it is assumed that Petitioner is attempting to raise the same nine grounds for relief that he raised on direct appeal.

Petition, 3a.  Third, he contends that the trial court erred in admitting evidence of his other crimes.  Petition, 3a.  Fourth, Petitioner argues that the trial court abused its discretion when it decided to run his convictions consecutively.  Petition, 3a.  Fifth, he alleges that the trial court erred when it refused to hold another preliminary hearing on new charges.  Petition, 3a.  Sixth, Petitioner claims that there was insufficient evidence to convict him of concealing stolen property.  Petition, 3a.  Seventh, he contends that the evidence was insufficient to convict him of possession of a controlled substance.  Petition, 3a.  Eighth, he argues that his trial counsel was ineffective.  Petition, 3a.  Finally, Petitioner alleges that his convictions violated the Double Jeopardy Clause.  Petition, 3a.

## I.  SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 Cases.  Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."  Day v. McDonough, 547 U.S. 198, 209 (2006).  However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."  Day, 547 U.S. at 210.  Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation.  Further, when raising the issue sua sponte, the district court must " assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or

by dismissing the petition as time barred." Day, 547 U.S. at 210 (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[3] Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B),

---

[3]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

(C), or (D), the limitations period generally begins to run from the date on which the conviction becomes final.  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of time for seeking direct review.  Petitioner's direct appeal was concluded on August 14, 2006, and thus, his convictions became final on or about November 13, 2006, after the 90 day time period to file a petition for certiorari in the United States Supreme Court expired.  Case No. F-2005-855, Oklahoma Court of Criminal Appeals, Docket.  Therefore, the limitation period began to run on or about November 14, 2006, and expired on November 14, 2007.  See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition was filed on December 12, 2011, over four years after the limitations period expired. Petition, 2.  Thus, absent statutory or equitable tolling, the petition is untimely.

### A. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Petitioner did not file an application for post-conviction relief.  Further, Petitioner's petition for nunc pro tunc which he filed with the state district

court did not toll the limitations period because it did not constitute "other collateral review." To toll the statute of limitations period, a state proceeding must be "an application for state post-conviction relief <u>recognized as such</u> under governing state procedures." <u>Habteselassie v. Novak</u>, 209 F.3d 1208, 1211 (10th Cir. 2000) (emphasis added) (quoting <u>Bennett v. Artuz</u>, 199 F.3d 116, 123 (2d Cir. 1999)). Under Oklahoma law, an order nunc pro tunc is the vehicle by which the court may correct clerical errors only. <u>Kamees v. State</u>, 815 P.2d 1204, 1208 (Okla. Crim. App. 1991). Because nunc pro tunc motions generally are not post-conviction applications and do not seek collateral relief, tolling under 28 U.S.C. § 2244(d)(2) is not appropriate. <u>See</u> <u>Harrelson v. Swan</u>, No. 08-41112, 381 Fed. Appx. 336, 338-39 (5th Cir. June 10, 2010) (nunc pro tunc proceedings did not constitute "other collateral review" and thus did not toll limitations period), <u>cert. denied</u> 131 S. Ct. 824 (2010). However, even assuming that Petitioner's nunc pro tunc petition was capable of tolling the limitations period, Petitioner's habeas petition would still be untimely as the nunc pro tunc petition would have tolled the limitations period only twenty days, or until December 4, 2007. Thus, the petition would still have been filed over four years after the limitations period expired.

### B. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that

the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

Petitioner does not allege that equitable tolling applies. However, construing his claims broadly, Petitioner seems to argue that equitable tolling is appropriate because he was not aware that he could file a federal habeas petition and because his court-appointed attorney allegedly told Petitioner after filing the direct appeal that he could do nothing more for Petitioner. Petition, 15. This claim is at root an ignorance of the law claim, and it is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999)). Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Petitioner does not indicate when he discovered that he could file a federal habeas action. However, the undersigned notes that Petitioner filed a civil rights action in this Court in 2005 against the Lawton Police Department and the City of Lawton involving these criminal charges. Fomby v. City of Lawton Police Department, et al., Case

7

No. CIV-05-602-C. United States Magistrate Judge Bana Roberts entered a Report and Recommendation in that case on July 29, 2005, in which she specifically advised Petitioner that to the extent he sought relief from the charges, his sole federal remedy was a petition for a writ of habeas corpus after he exhausted his state court remedies. Report and Recommendation, 3. [Doc. No. 11]. Thus, Petitioner should have known of his federal habeas corpus remedy by at least July 2005. Therefore, he has not shown that he acted diligently in pursuing his federal habeas claims. Accordingly, equitable tolling is not appropriate here.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of January, 2012.

                                                          */s/ Doyle W. Argo*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE