IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES CLIFTON FOMBY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1466-D |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 14], issued by United States Magistrate Judge Doyle W. Argo on January 30, 2012, pursuant to 28 U.S.C. § 636(b)(1). Upon initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Judge Argo finds that the Petition is untimely and recommends that it be dismissed upon filing. Petitioner, who appears *pro se*, has filed an "Objection" and an "Amended and or Addendum to Objection." Accepting these papers as timely objections, the Court must make a de novo determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks to challenge state criminal convictions and prison sentences imposed in December, 2005. On direct appeal, the convictions were affirmed, but the sentences were modified by the Oklahoma Court of Criminal Appeals (OCCA) in August, 2006. In December, 2006, the state district court granted Petitioner's application to correct his sentences as modified by OCCA. Petitioner sought no other relief until filing his federal

habeas petition on December 12, 2011.  Accordingly, for the reasons fully stated by Judge Argo, the Petition is plainly time barred by operation of 28 U.S.C. § 2244(d), unless there is a basis for equitable tolling.

Liberally construing his *pro se* filings, Petitioner relies on his lack of education and legal knowledge, the failure of his court-appointed attorney to advise him of a filing deadline, and the failure of the Oklahoma Department of Corrections to provide legal assistance or permit other inmates to assist him.  Judge Argo correctly states that these circumstances do not provide sufficient grounds for equitable tolling.  Petitioner also alleges in his Objection that during some unspecified time period when he was confined at a correctional facility in Lawton, Oklahoma, he was "so medicated-up he was . . . very seldom in his right state of mind."  *See* Objection [Doc. No. 16] at 2.  The Court declines to consider this new matter raised for the first time in objection to Judge Argo's Report.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")  Further, Petitioner is currently confined in the Jim E. Hamilton Correctional Center in Hogden, Oklahoma.  He provides no facts that would establish a period of incapacity that prevented him from making a timely filing before the one-year limitations period expired on November 14, 2007.

In short, based on a *de novo* review of the file, the Court finds Judge Argo's analysis is entirely correct.  Therefore, the Report and Recommendation [Doc. No. 14] is ADOPTED in its entirety.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED upon filing as untimely. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 28th day of March, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE